**John Floyd TENNANT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21997.**

United States Court of Appeals
Ninth Circuit.

Feb. 12, 1969.

Richard G. Tatus (argued), San Diego, Cal., for appellant.

Shelby Gott (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

PER CURIAM:

The appellant and another person were the occupants of a vehicle which the appellant drove into the United States from Mexico. Immediately after the automobile entered our Country, it was subjected to a routine border search by United States officials. The search revealed a quantity of marijuana, concealed in the

automobile. After appellant's companion had gotten out of the automobile, the appellant sped away. A customs inspector, according to his testimony, had already "told [appellant] that he was under arrest for possession of marijuana." The officer attempted to remain with the vehicle but jumped from it, or was thrown from it, after it had traveled a short distance. The appellant was apprehended some six months later and charged, in a three-count indictment, with three offenses. In a jury trial, he was convicted of the three charges. The first two were violations of 21 U.S.C. § 176a, and from the judgment of conviction of these offenses, he does not appeal. He does appeal from the judgment of conviction on the third charge under which he was sentenced to a five-year term of confinement consecutive to the terms of his other sentences.

The third count of the indictment charged a violation of 18 U.S.C. § 751, which proscribes escape by one "from the custody" of a federal officer while under "lawful arrest." The appellant urges us to hold that under the facts presented by the prosecution, he could not, as a matter of law, have been convicted of the offense which was charged. We do not agree. The customs officer was empowered to detain appellant for search. 19 U.S.C. § 1581 (1954). If appellant heard and understood the oral communication that he was "under arrest," the authorized detention became "custody" within the meaning of the statute in question. Also, in such event, the jury would have been warranted, under the facts of this case and appropriate instructions, in finding that the appellant was under "lawful arrest" before he departed the scene.

After the jury had been instructed, and after it had deliberated for a time, it requested additional instructions. It was returned to open court and, through its foreman, it asked for further legal guidance bearing upon the charge with which we are concerned. The district judge presented such requested additional instructions orally. We have examined them, and they cannot be reconciled with some of the instructions which were originally given. Moreover, the supplemental instructions were, in some respects, erroneous in that they eliminated the statute's requirement of "arrest," if not also "custody," from the elements of the offense.[1] The appellant's attorney promptly registered objection and took exception to the erroneous instructions.

Reversed and remanded.

---

1. "THE FOREMAN: . If I were stopped, your Honor, as I have been frequently at the border, and asked to identify myself, and that sort of thing; and then the officer proceeded to tell me to open my trunk, and instead I took off, would I then be fulfilling the conditions that are named in that indictment?

* * * * *

"THE COURT: I should think that would be an escape pursuant to a lawful arrest."