454 S.E.2d 16 (1995)
Joseph R. CASTELL
v.
COMMONWEALTH of Virginia.
Record No. 1866-93-4.
Court of Appeals of Virginia, Alexandria.
February 14, 1995.
Rehearing En Banc Granted March 31, 1995.
*17 Dwight F. Jones, Asst. Public Defender (Steven T. Webster, Deputy Public Defender, on brief), for appellant.
Linwood T. Wells, Jr., Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.
Present: BARROW, KOONTZ and FITZPATRICK, JJ.
BARROW, Judge.
This criminal appeal is from a conviction of escape from the custody of a law enforcement officer without the use of force or violence in violation of Code § 18.2-479. We hold that the defendant was not in custody, and therefore, could not be convicted of escape. Accordingly, we reverse the judgment of conviction.
Two uniformed police officers went to the defendant's home to arrest him on a warrant for grand larceny. The defendant's mother answered the door and went to get the defendant. He appeared in approximately one minute and stood about three feet from the officers. One officer asked him identifying questions and told the defendant that he had a warrant for the defendant's arrest. The defendant asked why the warrant had been issued. The officer approached the defendant, reaching for his handcuffs with his left hand and reaching to grab the defendant's arm with his right hand. He was within an inch of the defendant when the defendant turned and ran. The defendant was found and arrested some time later.
At the conclusion of the Commonwealth's evidence the defendant moved to strike, claiming that the Commonwealth had not proved that he was in custody before he ran. The defendant and his mother then testified, and once again the defendant moved to strike on the same grounds. The jury convicted the defendant, and the defendant appealed.
"If any person ... lawfully in the custody ... of any law-enforcement officer on a charge or conviction of a felony escapes" without using force or violence, he or she is guilty of a class 6 felony. Code § 18.2-479. A prerequisite for escape is "lawful custody." In this case, the defendant was lawfully in custody only if the officer arrested him. "An arrest requires either physical force ... or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991).[1]
In this case, although the defendant may have fled or resisted arrest, he was never "lawfully in the custody" of the officer.[2] Because the officer exerted no actual physical *18 force on the defendant and the defendant did not submit, he was never in custody, thus, cannot be guilty of escape.
Therefore, the judgment of conviction is reversed.
Reversed.
FITZPATRICK, Judge, dissenting.
I respectfully disagree with the holding of the majority that appellant was never "lawfully in custody" because he was not physically restrained by the officers and did not submit to their authority. The majority relies upon the rationale of California v. Hodari D., 499 U.S. 621, 625, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991), which I find inapplicable to this situation.
While this issue has not yet been specifically addressed in the Commonwealth, several federal cases provide guidance. See, e.g., United States v. Keller, 912 F.2d 1058, 1060 (9th Cir.1990) (holding that a defendant who failed to report to his place of confinement at the appointed time escaped from custody), cert. denied, 498 U.S. 1095, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991); United States v. Peterson, 592 F.2d 1035, 1037 (9th Cir.1979) (holding that a defendant who failed to report to the United States Marshal immediately after sentencing escaped from custody); Murphy v. United States, 481 F.2d 57, 60-61 (8th Cir.1973) (holding that a prisoner in jail escaped from custody even though he was not in the actual physical custody of the arresting officer).
In Tennant v. United States, 407 F.2d 52 (9th Cir.1969), a customs inspector told the driver of a car suspected of carrying drugs that he was under arrest. The driver fled and was later convicted of escape from the custody of a federal officer. In upholding that conviction, the Ninth Circuit held that "[i]f appellant heard and understood the oral communication that he was `under arrest,' the authorized detention became `custody'...." Id. at 53.
It is clear that custody is not limited only to direct physical restraint. Custody can be effectuated either by an actual touching or by circumstances in which a person of ordinary intelligence would know that he was not free to leave. When a police officer in uniform tells a suspect that he has a warrant for the suspect's arrest and reaches for his handcuffs with one hand and for the suspect with the other, a person of ordinary intelligence would know he is "lawfully in custody" and not free to leave. Appellant heard and understood the oral communication that he was under arrest and was at that time in "lawful custody" and subject to prosecution for escape.
Accordingly, I respectfully dissent.

UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT
On February 28, 1995, came the appellee, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on February 14, 1995, and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on February 14, 1995, is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] In general, courts have required actual physical touching of the person, words or actions which subject the person to the officer's actual control, or submission by the person to be arrested. See State v. Cole, 172 Ariz. 590, 838 P.2d 1351, 1352 (App.1992) (interpreting statute); State v. Nelson, 261 Ga. 246, 404 S.E.2d 112, 113 (Ga.1991); Whiting v. State, 755 S.W.2d 936, 939 (Tex.Ct.App.1988), rev'd on other grounds, 797 S.W.2d 45, (Tex.1990); State v. Sanders, 295 N.C. 361, 245 S.E.2d 674, 684 (1978) (interpreting statute); State v. Byers, 159 W.Va. 596, 224 S.E.2d 726, 732 (1976); Bouldin v. State, 276 Md. 511, 350 A.2d 130, 132 (1976); State v. Williams, 237 S.C. 252, 116 S.E.2d 858, 860 (1960).
[2] The Commonwealth urges us to conduct an analysis of custody similar to that used in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and its progeny. Such analysis would be inappropriate in this instance because Miranda concerns the coercive effect of custody on interrogation. Id. This concern is not at issue in the construction of our escape statute. Furthermore, our reading of Code § 18.2-479 is consistent with Code § 19.2-77, which provides for police pursuit "[w]henever a person in the custody of an officer shall escape or whenever a person shall flee from an officer attempting to arrest him...." (emphasis added).