COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker, Benton, Coleman,
    Koontz,[*] Willis, Elder, Bray and Fitzpatrick

JOSEPH R. CASTELL

v.        Record No. 1866-93-4                OPINION BY
                                      JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                  SEPTEMBER 12, 1995


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Rosemarie Annunziata, Judge

Dwight F. Jones, Assistant Public Defender (Steven T.
Webster, Deputy Public Defender, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (James S.
Gilmore, III, Attorney General, on brief), for appellee.


On February 14, 1995, a panel of this Court reversed the
conviction of Joseph R. Castell (appellant) for escape from the
custody of a law enforcement officer without the use of force or
violence. The panel held that, "although the defendant may have
fled or resisted arrest, he was never 'lawfully in the custody'
of the officer.'" Castell v. Commonwealth, 19 Va. App. 615, 617,
454 S.E.2d 16, 18 (1995). The Commonwealth's petition for
rehearing en banc was granted on March 31, 1995, and the mandate
of the February 14, 1995 opinion was stayed. Upon a rehearing en
banc on June 15, 1995, we affirm the judgment of the trial court
and vacate the mandate of the February 14, 1995 panel opinion.

On May 16, 1993, two uniformed police officers went to

_____

[*]Justice Koontz participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

appellant's house to arrest him on a warrant for grand larceny. Appellant's mother answered the door and went to get him. A minute later, appellant appeared and stood about three feet from the officers. One officer asked appellant identifying questions and told him that he had a warrant for appellant's arrest. Appellant asked why the warrant had been issued. The officer approached appellant, reaching for his handcuffs with his left hand and reaching to grab appellant's arm with his right hand. He was within one inch of appellant when appellant turned and ran. Appellant was later found and arrested.

At the conclusion of the Commonwealth's evidence, appellant moved to strike, arguing that the Commonwealth had failed to prove that he was in custody before he ran. Appellant and his mother testified in his defense, and appellant moved to strike on the same ground. Appellant was convicted in a jury trial of escape in violation of Code § 18.2-479(B).

> Code § 18.2-479(B) provides as follows:
> If any person lawfully confined in jail or <u>lawfully in the custody</u> of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a felony escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a Class 6 felony.

(Emphasis added). While the issue of what is "custody" for the purposes of Code § 18.2-479(B) has not been specifically addressed in the Commonwealth, several federal cases interpreting

2

the federal escape statute provide guidance.[1]  See, e.g., United States v. Keller, 912 F.2d 1058, 1060 (9th Cir. 1990) (holding that a defendant who failed to report to his place of confinement at the appointed time escaped from custody), cert. denied, 498 U.S. 1095 (1991); United States v. Peterson, 592 F.2d 1035, 1037 (9th Cir. 1979) (holding that a defendant who failed to report to the United States Marshal immediately after sentencing escaped from custody); Murphy v. United States, 481 F.2d 57, 60-61 (8th Cir. 1973) (holding that a prisoner in jail escaped from custody even though he was not in the actual physical custody of the arresting officer).

"[C]ustody need not involve direct physical restraint." Keller, 912 F.2d at 1059.  In Tennant v. United States, 407 F.2d 52 (9th Cir. 1969), the Ninth Circuit Court of Appeals held that "[i]f appellant heard and understood the oral communication that he was 'under arrest,' the authorized detention became 'custody' within the meaning of the statute in question."  Id. at 53.  In Tennant, a customs inspector told the driver of a car suspected

---

[1]The federal escape statute, 18 U.S.C. § 751, provides as follows:

> (a)  Whoever escapes or attempts to escape . . . from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody . . . is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both . . . .

(Emphasis added).

of carrying drugs that he was under arrest.  The driver fled and was later convicted of escape from the custody of a federal officer under 18 U.S.C. § 751(a).  Id.  Thus, if "[a] person of ordinary intelligence and understanding would know that he was not free to leave," then he would be in "custody" under 18 U.S.C. § 751(a).  Peterson, 592 F.2d at 1037.

We hold that, for the purposes of Code § 18.2-479(B), custody does not require direct physical restraint.  In this case, the record established that the uniformed police officer told appellant that he had a warrant for his arrest.  The officer reached for his handcuffs with one hand and reached to grab appellant's arm with the other hand.  Under these circumstances, a person of ordinary intelligence and understanding would know that he was not free to leave and was "lawfully in the custody" of the police officer.  Appellant understood that he was not free to leave, and the officers had the immediate ability to place appellant under formal arrest.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

Benton, J., with whom Koontz, J., joins, dissenting.

For the reasons stated in the panel's majority opinion, see Castell v. Commonwealth, 19 Va. App. 615, 454 S.E.2d 16 (1995), I would hold that Castell was never in the officer's custody and, thus, could not have violated Code § 18.2-479.

The federal cases upon which the majority relies have no bearing upon the interpretation to be given the Virginia statute. Those federal cases are based upon an application of their facts to a federal statute that is significantly dissimilar to Code § 18.2-479. The federal statute states as follows:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined . . . or imprisoned. . . .

18 U.S.C. § 751(a).

A review of the cases highlights the reasons their holdings are inapplicable. In United States v. Keller, 912 F.2d 1058 (9th Cir. 1990), cert. denied, 498 U.S. 1095 (1991), the defendant was sentenced to jail by a federal district judge and ordered to report to the jail by 4:00 p.m., August 10, 1987. Id. at 1059. In holding that the defendant violated 18 U.S.C. § 751(a) when he

5

failed to report to the jail, the Court stated that "[t]he custody that matured at 4:00 p.m. on August 10 was imposed 'by virtue of . . . process issued under the laws of the United States by [a] court, [or] judge,' as specified by section 751(a)." Id. at 1060 (footnote omitted). Thus, the Court applied the specific language of the federal statute in ruling that the custody from which the defendant escaped was the restraint which was statutorily created by virtue of the judge's sentencing order.

Likewise, in United States v. Peterson, 592 F.2d 1035 (9th Cir. 1979), the defendant was indicted and tried for "escape . . . from any custody under or by virtue of any process." Id. at 1035 n.1. The facts proved that when the defendant escaped, he had been sentenced by the district court judge and ordered to "commence his sentence now." Id. at 1036. Applying the language of the statute, the Court ruled that the convicted defendant "was in 'custody under or by virtue of any process issued under the laws of the United States by [a] court, [or] judge'" when he failed to surrender for imprisonment after having been ordered to do so. Id. at 1037.

In Murphy v. United States, 481 F.2d 57 (8th Cir. 1973), the evidence proved that the defendant had been arrested and "lodged in the Fort Totten jail, a facility owned by the United States," from which he escaped. Id. at 60. In upholding the conviction, the Court merely ruled that custody pursuant to 18 U.S.C.

§ 751(a) included confinement in a penal institution.  Id. at 61.

The facts in Tennant v. United States, 407 F.2d 52 (9th Cir. 1969), proved that the defendant was stopped at a border checkpoint when officers found marijuana in his automobile. After an officer "'told [defendant] that he was under arrest for possession of marijuana,'" the defendant escaped.  Id. at 53. Applying the proscription of the statute that penalizes "escape . . . from the custody of an officer . . . of the United States pursuant to lawful arrest," 18 U.S.C. 751(a) (emphasis added), the Court held that when the officer told the defendant he was under arrest, the necessary, specific statutory requirement for custody had been met.  407 F.2d at 53.

In applying 18 U.S.C. § 751(a), these decisions concluded that Congress statutorily defined custody in a manner that does not, in all instances require proof of physical restraint. However, those decisions provide no support for the majority's conclusion that Code § 18.2-479(B) must be read to define custody as restraint that occurs by virtue of being informed that an officer has a warrant for arrest.  The Virginia statute provides, in pertinent part, as follows:

> If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a felony escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a class 6 felony.

Id.  In resolving the question of the meaning of custody, "we are

guided by the fundamental principle of statutory construction that penal statutes '"must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute."'" Simmons v. Commonwealth, 16 Va. App. 621, 624, 431 S.E.2d 335, 336 (1993) (citations omitted).

The Supreme Court of Virginia has held that an accused is not seized when the accused fails to submit to an officer's show of authority. Woodson v. Commonwealth, 245 Va. 401, 405-06, 429 S.E.2d 27, 29 (1993). Moreover, Code § 19.2-77 supports the interpretation of the statute that equates custody with physical control. Code § 19.2-77 states as follows:

> Whenever a person in the custody of an officer shall escape or whenever a person shall flee from an officer attempting to arrest him, such officer, with or without a warrant, may pursue such a person anywhere in the Commonwealth and, when actually in close pursuit, may arrest him wherever he is found.

The legislature has made a distinction between those situations in which an accused is "in the custody of an officer" and those in which an officer is "attempting to arrest him." This distinction requires a narrow reading of "custody" in Code § 18.2-479(B) because "[s]tatutes which are not inconsistent with one another, and which relate to the same subject matter, are in pari materia, and should be construed together; and effect should be given to them all, although they contain no reference to one another, and were passed at different times." Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4 (1957) (quoting

8

<u>Mitchell v. Witt</u>, 98 Va. 459, 461, 36 S.E. 528, 528 (1900)).

In this case, the officer neither physically touched Castell nor exerted control over him. Furthermore, Castell did not submit to the officer's show of authority. The narrow meaning of "custody" in this statute requires either physical touching or control. "An accused is entitled to the benefit of a reasonable doubt in the construction of a penal statute just as [the accused] is in questions of fact." <u>Berry v. City of Chesapeake</u>, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969).

Because the Commonwealth's evidence showed that Castell was not in lawful custody at the time he ran, the evidence is insufficient to support the judgment of conviction. Accordingly, I would reverse the conviction.