COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia


TROY NATHANIEL JOHNSON

v.          Record No. 0672-94-4          OPINION BY
                                          JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                  SEPTEMBER 26, 1995


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    William L. Winston, Judge

        Janell M. Wolfe for appellant.

        Marla Lynn Graff, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief,
        for appellee.


    Troy Nathaniel Johnson was convicted by a jury of malicious
wounding of a law enforcement officer and escape in violation of
Code § 18.2-478.  Johnson contends that the trial court erred by
admitting into evidence an unredacted bench warrant which
disclosed that he had been convicted of robbery and use of a
firearm during the robbery.  He also contends that the trial
court erred by denying his motion to strike the evidence on the
escape charge.  We find no error and, therefore, affirm the
rulings of the trial court.

                            FACTS

    Officer Thomas Hanula was on routine patrol in a marked
police vehicle in Arlington.  At approximately 3:00 a.m., Hanula
observed a vehicle parked at the end of a dead end street.  No
homes or driveways were nearby.  When the headlights of Hanula's
police car shone on the parked car, the driver of the car

"started to drive off at a high rate of speed." Hanula eventually stopped the driver of the vehicle for speeding.

When Hanula approached the vehicle, he recognized the driver. There was a passenger in the car who would not identify himself and whom Hanula could not see. Eventually, Officer Hanula was able to see and recognize the passenger as Troy Johnson, a person known by Hanula to have an arrest warrant outstanding for failing to appear for sentencing on robbery and firearms convictions. Hanula drew his weapon and moved toward the passenger's side of the vehicle.

From that point on, the driver complied with Officer Hanula's requests. The appellant, however, yelled for the driver to "get the f--- out of here." Three other officers, including Officer Douglas Johnson, arrived on the scene and removed the driver from the vehicle. The driver's side door was left open. When Officer Douglas Johnson saw appellant Johnson move toward the open driver's side door, he believed that appellant was going to exit the vehicle through that door. Instead, appellant jumped into the driver's seat. Because Officer Johnson thought that the appellant was going to flee and perhaps run over Officer Hanula, who was in front of the car, Officer Johnson jumped through the open driver's side door and grabbed the steering wheel. The appellant and Officer Johnson struggled. Finally, the appellant put the car in gear and drove away with Officer Johnson hanging out the car door. Appellant drove the car at speeds of up to

fifty miles per hour in a residential neighborhood while Officer Johnson was hanging on and trying to get appellant to stop the automobile.

The car door repeatedly hit the back of Officer Johnson's body.  Officer Johnson was eventually thrown from the car when appellant crashed the vehicle into a wall.  One of Officer Johnson's legs was "grotesquely twisted," his foot was left "hanging" from his leg, and bones were sticking out of exposed flesh.  The other officers on the scene arrested appellant.

Appellant contends that the trial court erred by admitting into evidence a bench warrant because it disclosed that he had been charged and convicted of other crimes.  The bench warrant stated:

> You are hereby commanded to arrest TROY NATHANIEL JOHNSON and bring him FORTHWITH before the Circuit Court of Arlington County, Virginia for his failure to appear on August 28, 1992 for disposition, the original charges being 2 counts of Robbery in violation of Section 18.2-58 and 1 count of Use of a Firearm in the Commission of a Robbery in violation of Section 18.2-53.1.

## ADMISSIBILITY OF BENCH WARRANT

The admissibility of evidence is within the broad discretion of the trial court, and the trial court's ruling will not be disturbed on appeal absent an abuse of discretion.  Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994). "'Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be

-3-

admitted.'"  Hunter v. Commonwealth, 15 Va. App. 717, 724, 427 S.E.2d 197, 202 (1993) (en banc) (quoting Minor v. Commonwealth, 6 Va. App. 366, 372, 369 S.E.2d 206, 209 (1988)).

In this case, in order to convict Johnson of escape in violation of Code § 18.2-478, the Commonwealth had the burden of proving beyond a reasonable doubt that Johnson was "lawfully in the custody of a[] police officer on a charge of criminal offense."  Code § 18.2-478.  To prove this statutory element that Johnson was in custody "on a charge of criminal offense," the Commonwealth introduced a bench warrant to prove that appellant was wanted for a criminal offense and was subject to arrest for failure to appear for sentencing in relation to a felony conviction.  Appellant contends that the trial judge should have redacted from the warrant any mention of the robbery and firearm charges because the nature of the charges added nothing to whether he was in custody for purposes of escape.

As a general rule, "[e]vidence tending to show commission of other offenses is not admissible in a criminal trial if its only relevance is to show the character of the accused or his disposition to commit a similar offense."  Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994).  However, if "evidence of another crime tends to prove 'any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows [the defendant] to have been guilty of another crime.'"  Essex, 18 Va. App. at 171,

-4-

442 S.E.2d at 709 (quoting Pugliese v. Commonwealth, 16 Va. App. 82, 91, 428 S.E.2d 16, 23 (1993)); see Farmer v. Commonwealth, 10 Va. App. 175, 179, 390 S.E.2d 775, 776–77 (1990), aff'd en banc, 12 Va. App. 337, 404 S.E.2d 371 (1991).

Given the Commonwealth's burden of proving every element of the charged offense beyond a reasonable doubt, see In Re Winship 397 U.S. 358 (1970), the existence of an outstanding arrest warrant and the nature of the charge against Johnson tended to prove that he was being arrested and that it was for robbery and a firearms conviction. These facts were relevant to prove that appellant was in lawful custody on a charge of a criminal offense. Because the Commonwealth had to prove that the appellant was in custody and that the custody was "on a charge of criminal offense," the existence of the warrant for appellant's arrest was relevant to prove whether he was in lawful custody and evidence of the nature of the charges was relevant to prove that appellant was being arrested on criminal charges.

Evidence which incidentally reveals that an accused may have been charged or convicted of other crimes may nevertheless be admissible if it tends to prove a material fact or an element of the charges. Day v. Commonwealth, 196 Va. 907, 914, 86 S.E.2d 23, 26–27 (1955). Because the nature of the charges was relevant to prove that Johnson was being held "on a charge of criminal offense," the trial court was not required to sanitize the warrant by substituting in lieu of the stated charges that

Johnson had failed to appear for sentencing on felony convictions.  See Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1994); Brown v. Commonwealth, 15 Va. App. 232, 235, 421 S.E.2d 911, 913 (1992).  Accordingly, the trial judge did not abuse his discretion by ruling that the prejudicial effect of such evidence failed to outweigh its probative value.  See Lewis v. Commonwealth, 8 Va. App. 574, 579, 383 S.E.2d 736, 740 (1989) (en banc).

## SUFFICIENCY OF EVIDENCE

Johnson contends that the evidence is insufficient to support the conviction for escape because it did not prove that he was in custody when he fled or, if in custody, that it was "on a charge of criminal offense."  On appeal, we view the evidence in the light most favorable to the Commonwealth and grant to it "all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

We find the evidence sufficient to prove that appellant was in custody for purposes of proving an escape in violation of Code § 18.2-478.  A person is in custody for the purposes of escape under this statute when by physical force, words, or actions, that person becomes subject to the officer's control. See Castell v. Commonwealth, 19 Va. App. 615, 617 n.1, 454 S.E.2d 16, 17 n.1 (1995).  Thus, under the standard established in Castell, if a person of ordinary intelligence and understanding

-6-

would not feel free to leave under the circumstances, then he or she is in "custody" for purposes of Code § 18.2-478.

Appellant was seated in the passenger's seat of the car when Officer Hanula drew his gun. Upon request, the driver of the car exited the vehicle, leaving appellant in the passenger's seat of the car surrounded by several police officers. When Officer Hanula drew his weapon, a person of ordinary intelligence would not have felt free to leave and would have understood that he was being taken into custody. Accordingly, appellant was in custody at that point, and his flight from the scene was sufficient to constitute an escape.

As to whether Johnson's custody was "on a charge of criminal offense," the evidence proved that Officer Hanula knew that an arrest warrant from Arlington was outstanding against Johnson for "disposition of" robbery and firearms convictions. Officer Hanula was attempting to arrest Johnson on that outstanding warrant. Specifically, the bench warrant charged that the appellant "failed to appear" for "disposition" on two counts of robbery and one count of use of a firearm in the commission of robbery. For reasons previously discussed, the warrant was not only relevant, but it was also sufficient to prove that if appellant was in custody, he was being held "on a charge of criminal offense."

For the foregoing reasons, we affirm the convictions.

<u>Affirmed.</u>

-7-

Benton, J., dissenting.


Troy Johnson was indicted and convicted of violating Code

§ 18.2-478, which provides in pertinent part, as follows:

[I]f any person lawfully in the custody of
any police officer on a charge of criminal
offense escapes from such custody by force or
violence, he shall be guilty of a Class 6
felony.


Because the police officer never had control over Johnson's

person, I believe that Johnson was not in lawful custody and

could not be convicted of this crime. See Castell v.

Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995)

(en banc) (Benton, J., dissenting). Therefore, I dissent.

The evidence proved that at 3 a.m., a police officer stopped

the driver of a motor vehicle after the officer observed the

driver commit a traffic violation. Johnson was a passenger in

the motor vehicle. The officer testified that he recognized

Johnson and recalled that a bench warrant had been issued for

Johnson's arrest. He drew his weapon and instructed Johnson to

put his hands where they could be seen. He neither told Johnson

that he was under arrest nor told Johnson that a bench warrant

had been issued. The officer only instructed Johnson to put his

hands in view and exit the vehicle.

The officer testified that Johnson never obeyed his commands

to show his hands and that Johnson refused to leave the vehicle.

As the officer was pointing his weapon at Johnson and walking

toward his side of the vehicle, Johnson locked the door, screamed

-8-

at the driver to drive off, and tried to shift gears on the vehicle. When the driver got out of the vehicle, Johnson moved to the driver's seat and drove off. Another officer hung onto the vehicle as the vehicle moved forward at a high rate of acceleration.

Assuming, without deciding, that a person is in custody for purposes of this statute when that person is subject to an officer's control by either physical control or control through words or actions, the facts of this case dictate the conclusion that Johnson was never subject to the officer's control. Thus, he was not in lawful custody. The record is clear that the officer never had actual physical control over Johnson.

The officer also did not effect custody when he pointed a weapon at Johnson. In Woodson v. Commonwealth, 245 Va. 401, 429 S.E.2d 27 (1993), our Supreme Court held that a suspect is not "seized" within the meaning of the Fourth Amendment when the suspect does not submit to an officer's show of authority. Id. at 405-06, 429 S.E.2d at 29. Woodson argued that when a police officer armed with an automatic pistol confined him in a vehicle and "ordered him to place his hands where [he] could see them," he was seized because "had he attempted to leave the vehicle, [the officer] would have seized him by physical force." Id. The Court rejected the argument that a "reasonable person would have assumed under the circumstances" that he or she was seized and stated that Woodson's resistance indicated that he did not submit

-9-

to the officer's show of authority.  Id.  Thus, Woodson was not "seized."  Id.

Likewise, Johnson's resistance to the officer proved that he was not seized.  Because Johnson was not seized, he could not have been in custody as required by Code § 18.2-478.

Moreover, even if, for purposes of Code § 18.2-478, custody means detention, that statute does not apply except when "the custody . . . [is] on a charge of criminal offense."  The evidence proved that the officer did not inform Johnson that he was being arrested.  When the purpose of the detention had not been communicated to him, Johnson cannot be said to have "escap[ed]" from the custody of the officer "on a charge of a criminal offense."  Inherent within the statutory meaning of the word, "escapes," is the person's knowledge that he was being held "on a criminal charge" and intended to escape from such custody. Thus, even a detention at the point of a weapon does not prove that the person is in custody "on a charge of criminal offense" when the purpose of the detention has not been communicated. Because the evidence established merely that the officer sought to detain Johnson without ever communicating to Johnson that he was the subject of an outstanding arrest warrant, I would hold the evidence was insufficient to prove that Johnson was "in the custody of [a] police officer on a charge of criminal offense," the necessary requirement for a conviction under Code § 18.2-478.

For these reasons, I would reverse the conviction.

Therefore, I dissent.