BENTON, J.,
dissenting.
Willie Jerome Henry was convicted of violating Code § 18.2^178, which provides in pertinent part as follows:
*149 [I]f any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony.
Because the police officer never had control of Henry’s person, I would hold that Henry was not in lawful custody and could not have violated this statute when he fled. See Johnson v. Commonwealth, 21 Va.App. 102, 108, 462 S.E.2d 125, 128 (1995) (Benton, J., dissenting); Castell v. Commonwealth, 21 Va.App. 78, 82, 461 S.E.2d 438, 440 (1995) (en banc) (Benton, J., dissenting).
“[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). The Commonwealth failed to prove beyond a reasonable doubt that Henry was in the officer’s custody. The officer was attempting to arrest Henry when Henry fled. The evidence proved that the officer had not gained control of Henry and that Henry had not submitted to the officer’s authority. From the time Henry ran from the house until the final encounter when the officer put cuffs on Henry’s wrists, Henry never submitted to the officer’s authority. Evidence that the officer pointed his gun at Henry for thirty seconds while the officer approached and attempted to apprehend Henry does not prove that Henry submitted to the officer’s authority. The evidence is undisputed that Henry verbally challenged the officer’s willingness to shoot him and fled. Thus, Henry never submitted to the officer’s authority.
Upon this evidence, the Commonwealth did not prove beyond a reasonable doubt that Henry was in the officer’s custody and, thus, failed to prove the element necessary to sustain a conviction under Code § 18.2-478. For these reasons, I would hold that the evidence was insufficient to uphold the conviction.