COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia

LINDA DIANE McWILLIAMS

                                        MEMORANDUM OPINION[*] BY
v.  Record No. 1272-96-2            JUDGE JAMES W. BENTON, JR.
                                            JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        James B. Wilkinson, Judge

             Patricia P. Nagel, Assistant Public Defender
             (David J. Johnson, Public Defender, on
             brief), for appellant.

             John K. Byrum, Jr., Assistant Attorney
             General (James S. Gilmore, III, Attorney
             General, on brief), for appellee.


     Linda Diane McWilliams was convicted of possession of

cocaine in violation of Code § 18.2-250.  On appeal, McWilliams

argues that the trial judge erred in admitting evidence that

should have been excluded on hearsay and relevancy grounds.  For

the reasons that follow, we affirm the conviction.

                                I.

     McWilliams was indicted and tried only on the offense of

possession of cocaine.  While giving her opening statement, the

Commonwealth's attorney stated that Officer David Akers received

a telephone call informing him that McWilliams was getting into

the cab of a truck with a truck driver and that McWilliams "was a

wanted prostitute."  Counsel for McWilliams objected on hearsay

grounds, and the judge stated that "[i]t's really not hearsay.  I

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

guess it's for the reason he went there."

The Commonwealth's only witness, Officer Akers, testified that on July 19, 1995, he received a tip from a reliable informant. The Commonwealth's attorney asked Akers what the informant told him about McWilliams. Akers said, "[h]e told me that there was a prostitute." Counsel for McWilliams objected "to what [the informant] told [Akers]," and the judge told the jury to "[d]isregard that last statement." Counsel for McWilliams then stipulated that Akers had probable cause to approach McWilliams.

Akers testified that as he was approaching the truck, he saw the cab of the truck "moving . . . in a back and forth motion like a rocking motion." When Akers tried to enter the cab, the door was locked. Akers knocked on the door and did not receive a response until five minutes later. Akers testified that he looked into a window of the cab and could see moving back and forth the curtain that shielded the back compartment. Counsel for McWilliams objected and stated, "I don't believe there is any prostitution warrant that is before this Court or before this jury. I don't think it's relevant at all." The judge noted that Akers had not mentioned prostitution. When the Commonwealth's attorney argued that Akers had a "right to explain the circumstances," the judge allowed the Commonwealth to proceed.

Akers testified that the truck driver came to the window and opened the door. Akers could see through an opening in the

curtain McWilliams pulling her dress down.  Counsel for McWilliams objected on relevancy grounds and stipulated that Akers had probable cause to arrest McWilliams.  The judge stated, "We have had enough of this.  All right, what happened?"  Akers then testified that he ran McWilliams' name through the computer.  The judge interrupted Akers, told Akers not to "go into that," and instructed the jury to disregard "anything other than the warrant."  The judge told the jury that "[t]he arrest was lawful.  He arrested her.  Let's move along."

Akers testified that he arrested McWilliams.  At the police station, Akers searched McWilliams' purse and found a three inch tubular piece of an antenna.  The tube contained a residue that the state laboratory determined to be crack cocaine.

The Commonwealth then rested, and McWilliams offered no evidence.  In the course of instructing the jury, the trial judge instructed the jury as follows:

> Remember I instructed you there might have been some evidence of some other activity in this case but that is not to be considered by you in finding the defendant guilty.  At this stage of the trial you will not use that at all.  Do you understand that?

The jury found McWilliams guilty of possession of cocaine.  After hearing the arguments of counsel regarding the appropriate punishment, the jury imposed a sentence of two and one-half years.  McWilliams moved to set aside the verdict on the grounds that it was contrary to the law and the evidence.  Stating that was "purely a jury question," the judge overruled the motion.

## II.

McWilliams first argues that the trial judge erred in allowing the Commonwealth's attorney to refer, in her opening statement, to the informant's statement that McWilliams was a prostitute. McWilliams asserts that the trial judge abused his discretion in allowing this argument because the informant's statement was hearsay. We are barred from considering this issue, however, because McWilliams failed to make a motion for a mistrial or to seek a cautionary instruction. See Martinez v. Commonwealth, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991) ("[The Supreme] Court has repeatedly held that errors assigned because of a prosecutor's improper comments or conduct during argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial.").

## III.

McWilliams next argues that the trial judge erroneously admitted Akers' testimony that the informant told him McWilliams was a prostitute. McWilliams contends that the informant's statement was hearsay. We disagree.

Preliminarily, we note the well established rule that "[t]he admissibility of evidence is within the broad discretion of the trial [judge], and the trial [judge's] ruling will not be disturbed on appeal absent an abuse of discretion." Johnson v. Commonwealth, 21 Va. App. 102, 105, 462 S.E.2d 125, 126 (1995).

- 4 -

The Supreme Court has repeatedly stated that,
> "[t]he hearsay rule does not operate to exclude evidence of a statement . . . offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made.  The evidence was admitted not for the purpose of showing the guilt or innocence of the defendant; but for the purpose of showing the reason for the police officers' action in arresting him."

Upchurch v. Commonwealth, 220 Va. 408, 410, 258 S.E.2d 506, 508 (1979) (citation omitted).

As in Upchurch, the trial judge ruled that the statement that McWilliams was a prostitute was not offered to show that McWilliams was a prostitute.  The statement was offered to explain why Akers approached and arrested McWilliams.  Because the statement was not offered for its truth, it is not hearsay and was not excludable on that ground.  See id.  Accordingly, we hold that the trial judge did not abuse his discretion in overruling McWilliams' hearsay objection.

IV.

McWilliams next argues that the trial judge erred in admitting irrelevant testimony regarding the circumstances Officer Akers observed before he arrested McWilliams and the fact that McWilliams was a prostitute.

The record proves that before the testimony at issue was offered, McWilliams stipulated that the officer had probable cause to approach her.  The record also reveals that counsel objected twice during Akers' testimony regarding the

circumstances at the truck.  First, counsel objected and stated that because McWilliams was not charged with prostitution, the evidence was irrelevant.  The judge noted that Akers had not mentioned prostitution in that particular testimony and allowed the Commonwealth to proceed.  After Akers' further testimony that McWilliams was pulling at her dress, counsel again objected on relevancy grounds and stipulated that the arrest was based on probable cause.  The judge ordered the Commonwealth to move on and instructed the jury to disregard everything except that the officer validly arrested McWilliams.  At the end of all the evidence, the judge instructed the jury that "there might have been some evidence of some other activity in this case but that is not to be considered by you . . . ."

"Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be admitted."  Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).  However, the following rule is equally well established:

> Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy.  For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto.  Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence.

Bunting v. Commonwealth, 208 Va. 309, 314, 157 S.E.2d 204, 208

(1967).  Evidence is prejudicial if "the implications it raised tended to divert the minds of the jurors from the issues before them and, thus, 'prevented the accused from having that character of an impartial trial to which one is entitled.'"  Lewis v. Commonwealth, 225 Va. 497, 501-02, 303 S.E.2d 890, 892 (1983) (citation omitted).

Evidence that McWilliams was engaging in sexual activity in the truck or that McWilliams was a prostitute was not relevant to the charge of possession of cocaine.  During the trial before the jury, McWilliams did not raise the issue of the validity of the arrest.  Indeed, she stipulated that the arrest was valid.  Moreover, the evidence was prejudicial because it had a tendency to divert the jury's attention and cause the jury to base its verdict upon improper grounds.  Thus, the trial judge erred in failing to sustain McWilliams' first objection and allowing the Commonwealth to proceed with the line of questioning that elicited further testimony regarding the pre-arrest circumstances.

However, after McWilliams' second objection the judge instructed the jury to "[d]isregard . . . anything other than the [arrest] warrant."  In addition, at the end of the jury instructions, the judge instructed the jury not to consider "evidence of some other activity" in rendering its verdict.  "A judgment will not be reversed for the improper admission of evidence that a [judge] subsequently directs a jury to disregard

- 7 -

because juries are presumed to follow prompt, explicit, and curative instructions." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993). The trial judge twice instructed the jury to disregard the erroneously admitted evidence in this case. We cannot conclude on this record that the jury did not follow the trial judge's instructions. Accordingly, we find no reversible error.

Affirmed.