COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Frank and Senior Judge Overton
Argued at Chesapeake, Virginia


KERRY LENELL BOONE

MEMORANDUM OPINION[*] BY
v.      Record No. 0188-04-1      JUDGE JAMES W. BENTON, JR.
                                  MARCH 8, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge

Richard L. Buyrn (Richard L. Buyrn, P.C., on brief), for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


A jury convicted Kerry Lenell Boone of felony escape in violation of Code § 18.2-479(B).

He contends the evidence failed to prove the elements of the offense.  We agree, and we reverse the

felony conviction.

I.

Officer Steven Callow was driving by an apartment complex when he received a call at

6:45 a.m. to investigate a burglary at one of the apartment buildings.  He immediately made several

turns and drove onto the street where the apartment building was located.  About seventy-five to one

hundred feet from the common door that leads to the building's four apartments he saw a man, later

identified as Kerry Lenell Boone, running across the parking lot.  When Boone looked toward him

and began running faster, the officer pursued Boone in his vehicle with lights and siren activated.  A

short distance away, the officer left his vehicle and chased Boone on foot.  The officer saw Boone

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hiding behind a bush, drew his gun, and ordered Boone to surrender. When Boone emerged, the officer ordered Boone to the ground, put handcuffs on him, and told Boone he was under arrest for breaking and entering.

After another officer arrived, the officers walked Boone to the second officer's vehicle, where Officer Callow searched Boone for weapons. As the second officer opened the rear door for Boone to enter the vehicle, Boone ran. The officers caught him about one hundred feet away. Later, the officers obtained a warrant charging Boone with burglary.

At the conclusion of the Commonwealth's case-in-chief, Boone moved the judge strike the evidence. He argued that a "formal charge had not been made" at the time of the arrest. The prosecutor replied that Boone "was being charged . . . was in the act of being charged by the police officers." The trial judge denied the motion, ruling that the officer placed Boone in custody on a charge of a felony by communicating to Boone that he was arresting him for breaking and entering and by handcuffing him.

Boone testified that his girlfriend called the police because someone was trying to enter her apartment. He explained that he was running around the apartment seeking the burglar when the officer came and that he was in pursuit of the burglar when the officer chased him. He testified the officers accused him when they stopped him. He denied running from the officers after he was put in handcuffs.

At the conclusion of his testimony, Boone's attorney renewed his motion to strike the evidence. The judge denied the motion. The jury then convicted Boone of felony escape in violation of Code § 18.2-479(B).

## II.

Boone contends that an arrest for a felony is not a "charge of a felony" as required by Code § 18.2-479(B). He argues that "the element that he is being held on a charge or a conviction of a

- 2 -

felony is in dispute." The Commonwealth responds that the term "charge" means merely "an accusation."

Code § 18.2-479 provides, in pertinent part, as follows:

> B. If any person lawfully confined in jail or *lawfully in the custody* of any court or officer thereof or of any law-enforcement officer *on a charge or conviction of a felony* escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a Class 6 felony.

(Emphasis added).

In Johnson v. Commonwealth, 21 Va. App. 102, 462 S.E.2d 125 (1995), we interpreted a similar statute, which provides that "if any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony." Code § 18.2-478. There, a police officer drew his gun and left Johnson "in the passenger's seat of the car surrounded by several police officers." Johnson, 21 Va. App. at 108, 462 S.E.2d at 128. Johnson "was in custody at that point" on an outstanding bench warrant, id., and then he escaped. At trial on an indictment charging a violation of Code § 18.2-478, the trial judge admitted in evidence the bench warrant, which "commanded [his] arrest . . . for his failure to appear . . . for disposition, the original charges being 2 counts of robbery . . . and 1 count of use of a firearm in the commission of a robbery." Johnson, 21 Va. App. at 105, 462 S.E.2d at 126. We rejected Johnson's argument that the trial judge erred, and we noted that the Commonwealth had to prove the "statutory element that Johnson was in custody 'on a charge of criminal offense.'" Id. at 106, 462 S.E.2d at 127. We explained that "the Commonwealth introduced a bench warrant to prove Johnson was wanted for a criminal offense *and was subject to arrest for failure to appear for sentencing in relation to a felony conviction.*" Id. (emphasis added). In other words, prior to Johnson's escape from custody a formal criminal proceeding already had occurred, resulting in his felony conviction. Thus, we

held that "the existence of the warrant for [Johnson's] arrest was relevant to prove whether he was in lawful custody and evidence of the nature of the charges was relevant to prove . . . [Johnson] was being arrested on criminal charges." Id. at 107, 462 S.E.2d at 127.

Recently, in Coles v. Commonwealth, 44 Va. App. 549, 605 S.E.2d 784 (2004), we again addressed Code § 18.2-478. There, a police officer detained Coles at gunpoint while Coles was in a stolen car and "Coles's hands were in a surrender position." 44 Va. App. at 533, 605 S.E.2d at 785. We rejected the Commonwealth's suggestion "that we replace the words 'on a charge of criminal offense' with 'on probable cause that a criminal offense has been committed.'" Id. at 557, 605 S.E.2d at 788. In so doing, we relied in part on the following well established meaning of a criminal charge.

> "A criminal charge, strictly speaking, exists only when a formal written complaint has been made against the accused, and a prosecution initiated. It is true the popular understanding of the term is 'accusation,' and it is freely used with reference to all accusations, whether oral, in the newspapers, or otherwise; but, in legal phraseology, it is properly limited to such accusations as have taken shape in a prosecution. In the eyes of the law, a person is charged with crime only when he is called upon in a legal proceeding to answer to such a charge."

Id. at 558, 605 S.E.2d at 788 (quoting United States v. Patterson, 150 U.S. 65, 68 (1893)). We reasoned that "'charge' is similarly defined by Black's Law Dictionary 248 (8th ed. 2004) as a 'formal accusation of an offense as a preliminary step to prosecution.'" Coles, 44 Va. App. at 558, 605 S.E.2d at 788. In view of these well established definitions, we held that "[i]t would . . . strain the ordinary meaning of the language used in [the statute] to interpret those situations where a 'formal accusation' of a 'criminal offense' exists as encompassing those where a police officer has 'probable cause' to believe a criminal offense has been committed." Id. at 558-59, 605 S.E.2d at 788.

- 4 -

We perceive no rational distinction between the terms "lawfully in the custody of any police officer on a charge of criminal offense," the elements of Code § 18.2-478, and the terms "lawfully in the custody . . . of any law enforcement officer on a charge . . . of a felony," the elements of Code § 18.2-479(B). Thus, we hold that the rationale and the holding of <u>Coles</u> are binding precedent for the resolution of this case. "Probable cause to arrest will not satisfy [the] element of the offense," <u>Coles</u>, 44 Va. App. at 562, 605 S.E.2d at 790, which requires the Commonwealth to prove beyond a reasonable doubt that Boone was "in . . . custody . . . on a charge . . . of a felony." Code § 18.2-479(B). As we have held, albeit in a different context, an "[a]rrest is not a 'formal charge' that constitutes the initiation of adversarial proceedings." <u>Tipton v. Commonwealth</u>, 18 Va. App. 832, 835, 447 S.E.2d 539, 541 (1994).

Significantly, the legislature enacted a statute in 2003 to cover the type of escape proved here. Code § 18.2-479.1 provides as follows:

> A. Any person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor.
>
> B. For purposes of this section, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest and (a) the officer has the legal authority and the immediate physical ability to place the person under arrest, and (b) a reasonable person who receives such communication knows or should know that he is not free to leave.

This statute now covers the circumstance proved in this case because it proscribes "attempting to prevent a lawful arrest [by] fleeing from a law enforcement officer when . . . the officer communicates to the person that he is under arrest." <u>Id.</u> Code § 18.2-479.1 was not in effect, however, when Boone fled.

For these reasons, we reverse the conviction.

<u>Reversed.</u>