*80 UPON A REHEARING EN BANC
FITZPATRICK, Judge.
On February 14, 1995, a panel of this Court reversed the conviction of Joseph R. Castell (appellant) for escape from the custody of a law enforcement officer without the use of force or violence. The panel held that, “although the defendant may have fled or resisted arrest, he was never ‘lawfully in the custody of the officer.” Castell v. Commonwealth, 19 Va.App. 615, 617, 454 S.E.2d 16, 18 (1995). The Commonwealth’s petition for rehearing en banc was granted on March 31, 1995, and the mandate of the February 14, 1995 opinion was stayed. Upon a rehearing en banc on June 15, 1995, we affirm the judgment of the trial court and vacate the mandate of the February 14,1995 panel opinion.
On May 16, 1993, two uniformed police officers went to appellant’s house to arrest him on a warrant for grand larceny. Appellant’s mother answered the door and went to get him. A minute later, appellant appeared and stood about three feet from the officers. One officer asked appellant identifying questions and told him that he had a warrant for appellant’s arrest. Appellant asked why the warrant had been issued. The officer approached appellant, reaching for his handcuffs with his left hand and reaching to grab appellant’s arm with his right hand. He was within one inch of appellant when appellant turned and ran. Appellant was later found and arrested.
At the conclusion of the Commonwealth’s evidence, appellant moved to strike, arguing that the Commonwealth had failed to prove that he was in custody before he ran. Appellant and his mother testified in his defense, and appellant moved to strike on the same ground. Appellant was convicted in a jury trial of escape in violation of Code § 18.2-479(B).
Code § 18.2-479(B) provides as follows:
*81 If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a felony escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a Class 6 felony.
(Emphasis added). While the issue of what is “custody” for the purposes of Code § 18.2-479(B) has not been specifically addressed in the Commonwealth, several federal cases interpreting the federal escape statute provide guidance.[1] See, e.g., United States v. Keller, 912 F.2d 1058, 1060 (9th Cir.1990) (holding that a defendant who failed to report to his place of confinement at the appointed time escaped from custody), cert. denied, 498 U.S. 1095, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991); United States v. Peterson, 592 F.2d 1035, 1037 (9th Cir.1979) (holding that a defendant who failed to report to the United States Marshal immediately after sentencing escaped from custody); Murphy v. United States, 481 F.2d 57, 60-61 (8th Cir.1973) (holding that a prisoner in jail escaped from custody even though he was not in the actual physical custody of the arresting officer).
“[Cjustody need not involve direct physical restraint.” Keller, 912 F.2d at 1059. In Tennant v. United States, 407 F.2d 52 (9th Cir.1969), the Ninth Circuit Court of Appeals held that “[i]f appellant heard and understood the oral communication that he was ‘under arrest,’ the authorized detention became ‘custody’ within the meaning of the statute in question.” Id. at 53. In Tennant, a customs inspector told the driver of a car suspected of carrying drugs that he was under arrest. *82 The driver fled and was later convicted of escape from the custody of a federal officer under 18 U.S.C. § 751(a). Id. Thus, if “[a] person of ordinary intelligence and understanding would know that he was not free to leave,” then he would be in “custody” under 18 U.S.C. § 751(a). Peterson, 592 F.2d at 1037.
We hold that, for the purposes of Code § 18.2-479(B), custody does not require direct physical restraint. In this case, the record established that the uniformed police officer told appellant that he had a warrant for his arrest. The officer reached for his handcuffs with one hand and reached to grab appellant’s arm with the other hand. Under these circumstances, a person of ordinary intelligence and understanding would know that he was not free to leave and was “lawfully in the custody” of the police officer. Appellant understood that he was not free to leave, and the officers had the immediate ability to place appellant under formal arrest.
Accordingly, the decision of the trial court is affirmed.

Affirmed.

. The federal escape statute, 18 U.S.C. § 751, provides as follows:
(a) Whoever escapes or attempts to escape ... from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody ... is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both____
(Emphasis added).