BENTON, Judge,
dissenting.
Troy Johnson was indicted and convicted of violating Code § 18.2-478, which provides in pertinent part, as follows:
[I]f any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony. *109 Because the police officer never had control over Johnson’s person, I believe that Johnson was not in lawful custody and could not be convicted of this crime. See Castell v. Commonwealth, 21 Va.App. 78, 82, 461 S.E.2d 438, 440 (1995) (en banc) (Benton, J., dissenting). Therefore, I dissent.
The evidence proved that at 3 a.m., a police officer stopped the driver of a motor vehicle after the officer observed the driver commit a traffic violation. Johnson was a passenger in the motor vehicle. The officer testified that he recognized Johnson and recalled that a bench warrant had been issued for Johnson’s arrest. He drew his weapon and instructed Johnson to put his hands where they could be seen. He neither told Johnson that he was under arrest nor told Johnson that a bench warrant had been issued. The officer only instructed Johnson to put his hands in view and exit the vehicle.
The officer testified that Johnson never obeyed his commands to show his hands and that Johnson refused to leave the vehicle. As the officer was pointing his weapon at Johnson and walking toward his side of the vehicle, Johnson locked the door, screamed at the driver to drive off, and tried to shift gears on the vehicle. When the driver got out of the vehicle, Johnson moved to the driver’s seat and drove off. Another officer hung onto the vehicle as the vehicle moved forward at a high rate of acceleration.
Assuming, without deciding, that a person is in custody for purposes of this statute when that person is subject to an officer’s control by either physical control or control through words or actions, the facts of this case dictate the conclusion that Johnson was never subject to the officer’s control. Thus, he was not in lawful custody. The record is clear that the officer never had actual physical control over Johnson.
The officer also did not effect custody when he pointed a weapon at Johnson. In Woodson v. Commonwealth, 245 Va. 401, 429 S.E.2d 27 (1993), our Supreme Court held that a suspect is not “seized” within the meaning of the Fourth Amendment when the suspect does not submit to an officer’s show of authority. Id. at 405-06, 429 S.E.2d at 29. Woodson *110 argued that when a police officer armed with an automatic pistol confined him in a vehicle and “ordered him to place his hands where [he] could see them,” he was seized because “had he attempted to leave the vehicle, [the officer] would have seized him by physical force.” Id. The Court rejected the argument that a “reasonable person would have assumed under the circumstances” that he or she was seized and stated that Woodson’s resistance indicated that he did not submit to the officer’s show of authority. Id. Thus, Woodson was not “seized.” Id.
Likewise, Johnson’s resistance to the officer proved that he was not seized. Because Johnson was not seized, he could not have been in custody as required by Code § 18.2-478.
Moreover, even if, for purposes of Code § 18.2-478, custody means detention, that statute does not apply except when “the custody ... [is] on a charge of criminal offense.” The evidence proved that the officer did not inform Johnson that he was being arrested. When the purpose of the detention had not been communicated to him, Johnson cannot be said to have “escap[ed]” from the custody of the officer “on a charge of a criminal offense.” Inherent within the statutory meaning of the word, “escapes,” is the person’s knowledge that he was being held “on a criminal charge” and intended to escape from such custody. Thus, even a detention at the point of a weapon does not prove that the person is in custody “on a charge of criminal offense” when the purpose of the detention has not been communicated. Because the evidence established merely that the officer sought to detain Johnson without ever communicating to Johnson that he was the subject of an outstanding arrest warrant, I would hold the evidence was insufficient to prove that Johnson was “in the custody of [a] police officer on a charge of criminal offense,” the necessary requirement for a conviction under Code § 18.2-478.
For these reasons, I would reverse the conviction. Therefore, I dissent.