COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


WILLIE J. HENRY, S/K/A
 WILLIE JEROME HENRY

                               OPINION BY
v.    Record No.  0246-94-2    CHIEF JUDGE NORMAN K. MOON
                                  OCTOBER 10, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

Buddy A. Ward, Public Defender (Office of the
Public Defender, on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney
General,  on brief), for appellee.


Willie Jerome Henry ("Henry"), who was convicted in general district court of assaulting an officer and obstructing justice in violation of Code §§ 18.2-57.1 and 18.2-460, respectively, appeals a subsequent circuit court conviction of escaping from a police officer in violation of Code § 18.2-478.  Henry argues that the evidence was insufficient to convict him of escape, and that his misdemeanor convictions in general district court bar on double jeopardy grounds his circuit court conviction under Code § 18.2-478.  Because assault of an officer is not a lesser included offense of escape from a police officer by use of force or violence under Code § 18.2-478 and because Henry's act of obstructing justice was a separate and distinct act from his escape, which the Commonwealth's evidence supported, we affirm Henry's conviction.

The Commonwealth's evidence showed, in pertinent part, that

law-enforcement officers, who had a federal indictment for drug trafficking, came to Henry's house to arrest him. A woman answered the door and said that Henry was getting dressed and would be out soon. A few minutes later, Henry ran out the back door into the woods.

The officers pursued Henry through the woods and eventually caught up with him sitting beside a creek. One officer drew his gun, advised Henry not to move, and informed him that he was under arrest. The officer held Henry at gunpoint for about thirty seconds while he approached him, and then grabbed Henry by the arm. At this point, Henry struck the officer, shouted "____ you, you can't shoot me," and fled. Later, the officers successfully apprehended Henry after a brief scuffle.

## I. Sufficiency of the Evidence

An essential element of the escape charge is that the defendant escaped from "lawful custody." Code § 18.2-478. Thus, we must determine whether sufficient evidence proved Henry was in police custody when he fled from the officers. We held in Castell v. Commonwealth, __ Va. App. ___, ___ S.E.2d ___ (Sept. 12, 1995) (en banc), that a person may escape from the "custody of an officer" even though he is not in direct physical restraint. Although Castell was construing Code § 18.2-479(B),[1]

---

[1] If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a felony escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a Class 6 felony.

- 2 -

the language of the two sections is not significantly different. Therefore, we hold that <u>Castell</u> controls the issue in this case.

From the evidence presented, the trial judge could have found beyond a reasonable doubt that Henry submitted to the show of authority for thirty seconds while being held at gunpoint before he fled. In addition, Henry escaped after the officer had exercised actual physical force on Henry by grabbing Henry's arm. Since Henry struck the officer when he fled, the evidence was sufficient to prove Henry escaped from custody of the law enforcement officer by use of force or violence.

## II. Double Jeopardy
### A. Obstruction of Justice.

Under <u>Blockburger</u>, the "applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." <u>Hill v. Commonwealth</u>, 2 Va. App. 683, 705-06, 347 S.E.2d 913, 926 (1986) (quoting <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932)). "The test of whether there are separate acts sustaining several offenses `is whether the same evidence is required to sustain them.'" <u>Treu v. Commonwealth</u>, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting <u>Estes v. Commonwealth</u>, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971)). Two crimes, even though similar because committed by the same criminal agent during a continuing course of action against the same victims, are not committed by

the same act if not simultaneously committed.  <u>Jones v.</u>

<u>Commonwealth</u>, 218 Va. 757, 761, 240 S.E.2d 658, 661, <u>cert.</u>

<u>denied</u>, 435 U.S. 909 (1978) (theft of money and theft of

automobile during robbery of motel).[2]

---

[2]  While <u>Treu v. Commonwealth</u> and <u>Jones v. Commonwealth</u>, were
cases decided under Code § 19.2-294 rather than the double
jeopardy clause, the analysis for what constitutes the same act or
transaction is the same.

In this case, the "same act" did not comprise both the charge of escape under Code § 18.2-478 and obstructing justice under Code § 18.2-460. The act which comprised Henry's escape occurred during the officer's second encounter with Henry when he struck the officer and fled after he was in custody on the creek bank. After his escape, during a third encounter, Henry obstructed justice by impeding the officers in their attempt to regain custody of him when he struggled with the officers.[3] While the two charges grew out of Henry's continuous course of action, the acts forming the basis for the charges were not committed simultaneously. Each crime was proved without resorting to evidence necessary to prove the other charge. Therefore, the Commonwealth's prosecution of Henry for both escape and obstructing justice was not barred on double jeopardy grounds.

## B. Assault

However, the assault charge under Code § 18.2-57.1 did stem from the same act. Thus, we must look at the two offenses charged for the same act under the Blockburger test. "[I]n applying this test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review." Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981).

[3] Because we hold that the officer's third confrontation with Henry constituted an obstruction of justice, we do not determine whether Henry obstructed justice when he initially fled from the officers when they arrived at Henry's house to take him into custody on the indictment.

- 5 -

It is clear that the crime of assault against a law-enforcement officer under Code § 18.2-57.1 does not contain the element of escape, as is required for a conviction under Code § 18.2-478.  What we must determine, therefore, is whether the crime charged under Code § 18.2-57.1 contains an element not contained in Code § 18.2-478.  We must determine whether every escape from the custody of any police officer by force or violence necessarily includes proof of all of the elements necessary to sustain an assault conviction.  See Kauffman v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).  To prove the crime of escape by use of force or violence under Code § 18.2-478, the Commonwealth must prove beyond a reasonable doubt: (1) that the accused was in lawful custody; (2) of "any police officer"; (3) "on a charge of [a] criminal offense"; and (4) that by the use of force or violence he left such custody without lawful permission.

Henry argues that every use of "force or violence" during an escape constitutes the crime of assault.  We disagree.  "It is a basic rule of statutory construction that a word in a statute is to be given its everyday, ordinary meaning unless the word is a word of art."  Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991).  The word "force" means "power dynamically considered [or] strength directed to an end."  Commonly, the word "occurs in such connections as to show that unlawful or wrongful action is meant; e.g. forcible entry."  Black's Law Dictionary 644 (6th ed. 1990).  "Violence" means an

"exertion of any physical force so as to injure or abuse (as in warfare or effecting entrance into a house)," Webster's Third New International Dictionary 2554 (1981), or an "[u]njust or unwarranted exercise of force, usually with the accompaniment of vehemence, outrage or fury." Black's Law Dictionary 1570 (6th ed. 1990). Thus, an accused can be convicted of escaping from an officer by using force or violence not directed at the officer. For example, an accused could escape from an officer by jimmying the lock on the door of a squad car. In such a case, the accused could be prosecuted under Code § 18.2-478 because he used force to break out of the car, even though he did not assault an officer.

Thus, the crime of escape from lawful custody by use of force or violence contains an element of proof that is not required for the crime of assault. Because we are required to examine the two offenses charged against Henry in the abstract, rather than with an eye on the specific facts of his case, we hold that the crimes of assaulting an officer under Code § 18.2-57.1 and of escape under Code § 18.2-478 each contain elements of proof that the other does not.

Affirmed.

Benton, J., dissenting.

Willie Jerome Henry was convicted of violating Code § 18.2-478, which provides in pertinent part as follows:

> [I]f any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony.

Because the police officer never had control of Henry's person, I would hold that Henry was not in lawful custody and could not have violated this statute when he fled. See Johnson v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995) (Benton, J., dissenting); Castell v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995) (en banc) (Benton, J., dissenting).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The Commonwealth failed to prove beyond a reasonable doubt that Henry was in the officer's custody. The officer was attempting to arrest Henry when Henry fled. The evidence proved that the officer had not gained control of Henry and that Henry had not submitted to the officer's authority. From the time Henry ran from the house until the final encounter when the officer put cuffs on Henry's wrists, Henry never submitted to the officer's authority. Evidence that the officer pointed his gun at Henry for thirty seconds while the officer approached and attempted to apprehend

- 8 -

Henry does not prove that Henry submitted to the officer's authority. The evidence is undisputed that Henry verbally challenged the officer's willingness to shoot him and fled. Thus, Henry never submitted to the officer's authority.

Upon this evidence, the Commonwealth did not prove beyond a reasonable doubt that Henry was in the officer's custody and, thus, failed to prove the element necessary to sustain a conviction under Code § 18.2-478. For these reasons, I would hold that the evidence was insufficient to uphold the conviction.