## CIRCUIT COURT OF ALBEMARLE COUNTY

Commonwealth of Virginia

v.

Diana Albritton

October 16, 1995

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on defendant Diana Albritton's Motion to Suppress the results of a blood test. The issue is whether the failure to take a defendant before a magistrate renders a warrantless arrest void ab initio and whether a blood sample taken pursuant to that arrest is consequently inadmissible. The material facts are not in dispute.

### Facts

On May 7, 1995, at 9:00 p.m., the defendant was involved in a single car accident. Firemen arrived at the scene almost immediately and began cutting the defendant out of the vehicle, which was on its side. While the firemen were removing the defendant from the vehicle, Officer Hahn arrived at the scene. Officer Hahn noticed a bottle containing a brown substance inside the car and also noticed a strong odor of alcohol emanating from the vehicle. The rescue squad moved the defendant onto a stretcher and transported her to the University of Virginia Hospital.

Officer Hahn followed the ambulance to the hospital where he questioned the defendant about the accident. The defendant stated that she had been driving approximately thirty to thirty-five miles per hour and admitted that she had consumed approximately five beers prior to the accident.

At 10:00 p.m., Officer Hahn advised the defendant that he was placing her under arrest. After Officer Hahn read her the implied consent law contained in Virginia Code § 18.2-268, the defendant chose to take a blood test, which a registered nurse administered at 10:15 p.m. After the nurse removed the blood, Officer Hahn left the hospital but did not take the defendant with him because she was still receiving medical care.

When he left the hospital, Officer Hahn mailed the vial of blood to the State Lab for analysis and then went to the magistrate's office and obtained an arrest warrant for the defendant. Officer Hahn then went off duty, and a second police officer served the defendant with the warrant at her home on May 8, 1995, at 1:00 a.m. The second officer did not take the defendant to the magistrate's office; he instead allowed her to sign a summons, pursuant to which she appeared in Court.

## Analysis

Under Virginia Code § 18.2-268.2, to operate a motor vehicle is to consent to a blood and/or breath test to determine blood alcohol content if the vehicle operator is arrested within two hours of allegedly driving under the influence of alcohol. Arrest without a warrant for suspicion of driving while intoxicated is authorized under Virginia Code § 19.2-81, and the proper procedure subsequent to such an arrest is delineated in Code § 19.2-82: "[a] person arrested without a warrant shall be brought forthwith before a magistrate or other issuing authority having jurisdiction who shall proceed to examine the officer making the arrest under oath."

In the instant case, the defendant claims that she was never "truly arrested" because she was never taken before a magistrate but rather was able to return directly home after being discharged from the hospital. *See* Defendant's Memorandum, 4, 5. Citing *Castell v. Commonwealth*, 21 Va. App. 78, 461 S.E.2d 438 (1995), the defendant asserts that an arrest occurs only when "a person of ordinary intelligence and understanding would know that he was not free to leave and was lawfully in the custody of the police officer." The language cited by the defendant, however, applies to a determination of custody rather than of arrest. *See Id.* The issue in *Castell* was whether a defendant who had been convicted of escaping from the custody of a law enforcement officer in violation of Code § 18.2-479(B) was actually in the custody of the officer at the time of the alleged "escape."

An arrest requires either physical force or, in the absence of force, a submission to the assertion of authority. *California v. Hodari D.*, 469 U.S. 621 (1991). In the instant case, the defendant has testified that Officer Hahn told her that she was under arrest, that she understood that she was being charged, that she understood that she had the choice of a blood or breath test, and that she elected to take the blood test. This evidence indicates the requisite assertion of and the submission to authority to constitute a valid arrest.

Also at issue is whether the failure to present the defendant before a magistrate invalidated the arrest, thereby rendering the blood test results inadmissible. The Court does not endorse Officer Hahn's failure to follow the proper procedure as outlined in Code § 19.2-82. The fact that the defendant was still receiving medical care when Officer Hahn left the hospital to obtain the warrant did not preclude him from ascertaining that the proper procedure was followed subsequent to her release. However, his statutory violation was a procedural one and does not rise to the level of requiring that the evidence be excluded in this case.

The Supreme Court has held that a delay in presenting a suspect before a magistrate is a mere procedural violation and does not require the exclusion of inculpatory evidence unless the delay deprived the defendant of exculpatory evidence. *See, Frye v. Commonwealth*, 231 Va. 370, 345 S.E.2d 267 (1986); *Horne v. Commonwealth*, 230 Va. 512, 339 S.E.2d 186 (1986); *Winston v. Commonwealth*, 188 Va. 386, 49 S.E.2d 611 (1948). In the instant case, the defendant has not alleged that the failure to take her before a magistrate has deprived her of any exculpatory evidence or otherwise prejudiced her in any way.

Accordingly, the defendant's objection to the introduction of the certificate of blood analysis is overruled, and the certificate is admitted. The defendant is ordered to appear on December 1, 1995, at 10:00 a.m. for sentencing.