493 S.E.2d 382

**Ervin Woodson CAVELL**

v.

**COMMONWEALTH of Virginia.**

**Record No. 2168–96–2.**

Court of Appeals of Virginia,
Richmond.

Nov. 25, 1997.

Cullen D. Seltzer, Assistant Public Defender (David Johnson, Public Defender, on brief), for appellant.

Marla Graff Decker, Assistant Attorney General (Richard Cullen, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J.,* and ELDER and ANNUNZIATA, JJ.

ANNUNZIATA, Judge.

Appellant, Ervin W. Cavell, was convicted of escape in violation of Code § 18.2–479. On appeal, he contends that the evidence was insufficient to support his conviction. We agree and reverse his conviction.

The facts are undisputed. Clad in his police uniform and carrying a bottle of "OC" spray, Officer Lewis approached a crowd involved in a fight. Lewis ordered the crowd to disperse, and, as the crowd broke, Lewis identified appellant among the group. Lewis knew of a felony warrant on file for appellant's arrest, and he approached appellant intending to arrest him on the warrant. From a distance of approximately ten feet, Lewis stated, "Ervin, I need to talk to you." Appellant responded with profanity and told Lewis to "[g]et away from [him] with [the "OC" spray]." Lewis replied, "[the "OC" spray] is not for you. You are under arrest. You have a felony warrant." Appellant again responded with profanity. Lewis told appellant, "Don't run. You are under arrest." Appellant repeated his profane remark and told Lewis, "I am going to anyway." At that point, Lewis stood four to five feet from appellant. Lewis testified that he "was attempting to grab [appellant]," but that he "wasn't close enough to do it

---

* On November 19, 1997, Judge Fitzpatrick succeeded Judge Moon as chief judge.

yet." Before Lewis reached for him, appellant fled. He ran a couple of blocks before he was subdued.

Code § 18.2–479 makes it unlawful for "any person ... lawfully in the custody of ... any law enforcement officer on a charge or conviction of a felony" to escape. The question on appeal is whether appellant was "lawfully in the custody" of Lewis when he fled.

■ For purposes of Code § 18.2–479, custody "does not require direct physical restraint." *Castell v. Commonwealth,* 21 Va.App. 78, 82, 461 S.E.2d 438, 439 (1995) (en banc). Instead, "custody" exists under § 18.2–479 where "a person of ordinary intelligence and understanding would know that he was not free to leave ... and the officer [attempting the arrest] had the immediate ability to place [that person] under formal arrest." *Id.* at 82, 461 S.E.2d at 439–40.

In *Castell,* two uniformed officers went to the defendant's house to arrest him on a felony warrant. The defendant's mother answered the door. She went to get the defendant, who appeared and stood about three feet from the officers. One officer asked identifying questions of appellant and informed him that he had a warrant for his arrest. The defendant asked why the warrant had been issued. The officer approached the defendant, reaching for his handcuffs with one hand and reaching to grab the defendant with the other. When the officer was within one inch of the defendant, the defendant turned and ran. *Castell,* 21 Va.App. at 80, 461 S.E.2d at 439.

In the present case, by contrast, although appellant knew he was not free to leave, Lewis, appellant contends, did not have the immediate physical ability to place him under formal arrest. Unlike the officer in *Castell,* who was within an inch of the defendant and reaching for him when the defendant turned to run, Lewis stood no closer than four feet from appellant. Indeed, Lewis' own testimony established that he "wasn't close enough" to appellant even to reach for him and that appellant ran before Lewis attempted to grab him.

■ Appellant does not contend that he thought he was free to leave when Lewis told him he was under arrest. He knew he should not run. He argues, however, that Lewis did not have the immediate ability to place him under formal arrest prior to his flight because the existence of such ability presupposes physical proximity between the officer and the defendant, such that the officer's physical ability to place the defendant under formal arrest could be immediately effected. *See also Johnson v. Commonwealth,* 21 Va.App. 102, 105, 107–08, 462 S.E.2d 125, 126–27, 127–28 (1995) (finding that a defendant had become "subject to the officer's control" where an officer "struggled" with the defendant and grabbed the steering wheel defendant was attempting to drive from the scene (citing *Castell v. Commonwealth,* 19 Va.App. 615, 617 n. 1, 454 S.E.2d 16, 17 n. 1 (1995))). Thus, under *Castell,* appellant argues he was not in Lewis' custody when he ran.

We agree that appellant was not under arrest and, thus, was not in custody when he ran. Under the common law, an arrest required either the application of physical force or, where that was absent, submission to the assertion of authority. *California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 1550–51, 113 L.Ed.2d 690 (1991); *Howard v. Commonwealth,* 210 Va. 674, 677, 173 S.E.2d 829, 832 (1970) ("Ordinarily, an arrest is made by the actual restraint of the person of the defendant or by his submission to the custody of an officer."); *Galliher v. Commonwealth,* 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933) ("With a few statutory exceptions, . . . the common law relating to arrest is the law on that subject in Virginia.").[1] The immediate physical ability to arrest, without more, was not sufficient to effectuate an arrest. *See* Rollin M. Perkins, *The Law of Arrest,* 25 Iowa L.Rev. 201, 206 (1940) (cited in *Hodari D.,* 499 U.S. at 631 n. 5, 111 S.Ct. at 1553 n. 5 (Stevens, J., dissenting)) ("[I]f the officer pronounces words of arrest without an actual touching and the other immediately runs away, there is no escape (in the technical sense) because

---

1. The same standard defines arrest under the Fourth Amendment. *See Woodson v. Commonwealth,* 245 Va. 401, 405, 429 S.E.2d 27, 29 (1993).

there was no arrest. It would be otherwise had the officer touched the arrestee for the purpose of apprehending him, because touching for the manifested purpose of arrest by one having lawful authority completes the apprehension, 'although he does not succeed in stopping or holding him even for an instant.' ").

To the extent appellant reads *Castell* to deviate from these common law principles, his position is misguided. In *Castell,* the requirement that the officer have the immediate ability to formally arrest the defendant rests on the assumption, albeit implicit, that the defendant had submitted, at least temporarily, to a show of authority. Castell voluntarily appeared before the officers and answered identification questions. When the officer told Castell he was under arrest, Castell queried the officer about the arrest warrant and waited until the officer was within one inch of him before he fled. Castell's submission to authority, albeit for a brief period, was established and his arrest, notwithstanding the absence of a physical touching, was effected. *See also Henry v. Commonwealth,* 21 Va.App. 141, 145, 462 S.E.2d 578, 580 (1995) (holding that sufficient evidence supported the finding beyond a reasonable doubt "that Henry submitted to the show of authority ... before he fled"). The defendant's submission to a show of authority is that which gives the officer the immediate ability to place the defendant under formal arrest.

In the present case, Lewis did not effectuate his legal authority to arrest appellant; he neither touched appellant nor obtained appellant's submission to his authority. Each time Lewis spoke to appellant, appellant responded with profanity; when Lewis told appellant not to run, appellant responded that he was going to run, and he did. In short, the evidence shows that appellant did not submit, in any respect, to a show of authority. We find appellant was not in Lewis' custody at the time he ran and, accordingly, reverse his conviction.

*Reversed.*

FITZPATRICK, Chief Judge, dissenting.

I respectfully dissent and would affirm the conviction. This case is indistinguishable from our holding in *Castell v. Commonwealth*, 21 Va.App. 78, 82, 461 S.E.2d 438, 439 (1995) (en banc). For purposes of Code § 18.2–479, custody "does not require direct physical restraint." Instead, "custody" is effected under § 18.2–479 where "a person of ordinary intelligence and understanding would know that he was not free to leave ... and the officer [attempting the arrest] had the immediate ability to place [that person] under formal arrest." *Id.* at 82, 461 S.E.2d at 439–40.

Officer Lewis specifically told appellant, who was conversing with him, albeit with profanity, that "you are under arrest. You have a felony warrant." Appellant continued to curse the officer. The first prong of *Castell* is met—"a person of ordinary intelligence and understanding ... know[s] he was not free to leave...." Additionally, Lewis had the immediate ability to arrest appellant from his distance of five feet and when he attempted to complete the act, appellant fled. Thus, the second prong, the immediate ability to place appellant under arrest, is also met. The fact that in *Castell* the officer was physically closer, within one inch, is of no moment. I would affirm.