COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


CHRISTOPHER MICHAEL TOWNS

MEMORANDUM OPINION[*] BY
v.         Record No. 1720-97-3        JUDGE DONALD W. LEMONS
NOVEMBER 10, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Willis A. Woods, Judge Designate

Joseph Graham Painter, Jr. (Painter, Kratman,
Pethybridge, Swindell & Crenshaw, on brief),
for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.

Christopher M. Towns was convicted in a bench trial of

escape in violation of Code § 18.2-479.  On appeal, he contends

that the evidence was insufficient to support his conviction.  We

agree and reverse the conviction.

On March 29, 1996, at approximately 10:15 a.m., Officer

Kevin A. Darden, of the Christiansburg Police Department, was

dispatched to the Montgomery County Courthouse, Third Floor, with

a felony warrant for the arrest of Christopher M. Towns.  Darden

was aware that Towns was appearing in court on another matter and

he waited in the hallway to arrest Towns after the conclusion of

the hearing.  As Darden was speaking with another person, a

deputy sheriff told him that Towns was entering the elevator.  As

---
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Darden walked to the elevator, the doors closed. Darden walked down the stairs and met Towns as he exited the elevator on the first floor. Darden approached Towns and called out Towns' name. When Towns turned to face Darden, Darden asked if he was Christopher Towns and Towns responded affirmatively. Upon telling Towns that he had a warrant for his arrest, Towns asked, "what for?"

As Darden glanced down to read the warrant, Towns "took off running" out of the courthouse doors, across two blocks, and into a park, where Darden caught him and placed him under arrest. While chasing Towns, Darden called for him to "stop." During this incident, Darden was wearing his police uniform and badge.

<u>SUFFICIENCY OF THE EVIDENCE</u>

When the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. <u>Cheng v. Commonwealth</u>, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990). On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it. <u>King v. Commonwealth</u>, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

Code § 18.2-479 makes it unlawful for "any person lawfully . . . in the custody of . . . any law-enforcement officer on a charge or conviction of a felony" to escape. The question on

appeal is whether Towns was "lawfully in the custody" of Darden when he fled.  Both Towns and the Commonwealth cite <u>Castell v. Commonwealth</u>, 21 Va. App. 78, 461 S.E.2d 438 (1995) (<u>en</u> <u>banc</u>), as controlling for this determination.

Based upon this Court's <u>en</u> <u>banc</u> decision in <u>Cavell v. Commonwealth</u>, (Record No. 2168-96-2), published today, <u>Castell</u> is overruled.  For the reasons stated in the majority opinion in <u>Cavell</u>, we hold that whether a person is "in custody" for purposes of Code § 18.2-479 depends upon whether the officer has applied direct physical restraint, or in the absence of restraint, whether the person has submitted to a show of authority.

In this case, Towns was present in the courthouse on another matter.  Darden did not physically touch or restrain Towns.  Although Darden was wearing his police uniform and badge and Towns admitted that he walked to Darden when his name was called, Towns never submitted to a show of authority; rather, it is undisputed that the moment that Darden began to read from the warrant, Towns ran away.  Therefore, Towns was not in custody at the time he fled.  Accordingly, his conviction is reversed and dismissed.

<u>Reversed and dismissed</u>.