# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

Leslie Saunders

May 27, 2009

Case No. (Criminal) CR08-2988

BY JUDGE CHARLES E. POSTON

Today the Court considers the defendant's motion to dismiss the indictments on double jeopardy grounds. Having considered the parties' submissions and argument of counsel, the Court denies the motion.

*Facts and Procedural History*

On February 14, 2008, Norfolk Arson Investigator Scott Gartner and Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Michael Scott met the defendant, Leslie Saunders, at Saunders' place of employment, the Old Dominion University machine shop. (Sept. 2, 2008, Prelim. Hr'g Tr. (Tr.) at 16.) The officers had reason to believe Saunders was making and/or storing hazardous materials at the machine shop for the purpose of manufacturing fireworks or pyrotechnics. (Tr. at 17, 27.) Saunders admitted that he had stored these materials at the machine shop in the past and that he still had some of the materials at his house. (Tr. at 18.) After obtaining Saunders' consent, Investigator Gartner and Agent Scott followed Saunders to his rented residence at 5248 Ashby Street in the City of Norfolk. (Tr. at 17.)

In a cardboard box at Saunders' residence, the investigators found several labeled bags of chemicals, including twenty pounds of potassium nitrate, five pounds of potassium chlorate, three pounds of sulfur, a container of aluminum, and a five-pound bag of barium carbide. (Tr. at 19.) Additionally, the investigators discovered more than sixty fuses and almost a pound of black powder in a closet. (Tr. at 21–22.) The investigators also found more than twenty pounds of high-grade fertilizer, approximately twenty flashlight bodies, electronic components, and air bag detonators in the garage. Although many precursor materials were discovered in Saunders' residence, no completed pyrotechnic or explosive devices were found. (Tr. at 23–24.)

Due to the large quantities and potentially hazardous qualities of some of the items discovered, Investigator Gartner and Agent Scott called the Norfolk Police Department Bomb Squad to secure the scene and handle the materials. (Tr. at 25.) The bomb squad evaluated the materials and determined they could not safely transport some of them; and a private contractor, Petrochem Recovery Services, was employed to transport these materials. *Id.* Petrochem employee Fay Michael evaluated the scene and found perchlorates, oxidizers, and flammable solids improperly stored together. *Id.* Because these compounds can potentially react with each other, Michael separated the chemicals into their various classes and removed them from the residence. (Tr. at 41.) In all, Petrochem removed approximately 220 pounds of hazardous materials. *Id.*

Samples of the materials removed from Saunders' residence were delivered to the state forensic laboratory where Timothy Croley, Ph. D., an expert in analytical chemistry, analyzed them. (Tr. at 54.) Dr. Croley determined that several of the chemicals recovered from Saunders' room were either explosive, corrosive, or potentially explosive oxidizer mixtures. (Tr. at 57.)

The Commonwealth charged Saunders with three felonies, including two violations of the Code of Virginia § 18.2-85 and one violation of § 10.1-1400. In addition, the City of Norfolk brought two misdemeanor charges, alleging Saunders violated Norfolk City Code §§ 17.1-43 and 17.1-44(25). On September 2, 2008, at a preliminary hearing on both the state and city charges before the Honorable S. Clark Daugherty of the General District Court for the City of Norfolk, Saunders pleaded guilty to the two misdemeanor charges brought by the City of Norfolk.

On December 15, 2008, defendant filed his motion to dismiss the Commonwealth's remaining felony charges on the grounds that a trial on those charges would subject the defendant to double jeopardy. The Commonwealth responded on January 18, 2009. The issue before the Court is

whether a trial on the felony charges would subject the defendant to a second prosecution for the same offense in violation of both the Virginia and federal constitutions.

*Discussion*

## I. *Double Jeopardy*

Defendant argues that the Commonwealth's felony prosecutions violate both the Commonwealth of Virginia and United States Constitutions' prohibitions against double jeopardy. Va. Const., Art I, § 8 ("He shall not be deprived of life or liberty . . . nor be put twice in jeopardy for the same offense"); U.S. Const., amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy"). Although they are worded differently, Virginia courts treat the two constitutional provisions as protecting identical rights. *Peterson v. Commonwealth*, 5 Va. App. 389, 394, 363 S.E.2d 440, 443 (1987).

In addition to state and federal constitutional protections, citizens of Virginia are also protected from multiple prosecutions for the same offense by statute:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

Va. Code Ann. § 19.2-294 (2008). The Court of Appeals of Virginia, citing case law decided by the Supreme Court of Virginia, held that this statute is only applicable in cases where there are separate prosecutions:

> Code § 19.2-294 does not bar conviction for felony and misdemeanor charges based on the same act as long as those charges are prosecuted in a single, concurrent evidentiary hearing. The amenability of the misdemeanor charges to an early conclusion in the district court does not result in a successive prosecution of the felony charges in the circuit court. This is so because a "prosecution" is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate

jurisdiction. The concurrent prosecution of a misdemeanor and a felony is simultaneous, not successive, because the offenses are joined in a single evidentiary hearing in the general district court. Thus, the later events in the circuit court on the felony charges are merely a continuation of the same prosecution.

*Hillman v. Commonwealth*, Record No. 1211-01-3 (Va. App. Apr. 2, 2002) (unpublished) (internal citations omitted). The case *sub judice* falls squarely into the scenario described in *Hillman*; therefore, the Commonwealth's felony case does not violate § 19.2-294.

When analyzing the constitutional issues, Virginia courts apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). The *Blockburger* test's applicability to Virginia double jeopardy cases was recently noted in *Peake v. Commonwealth*:

> Under *Blockburger*, "the applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them'."

46 Va. App. 35, 39, 614 S.E.2d 672, 675 (2005) (quoting *Henry v. Commonwealth*, 21 Va. App. 141, 146, 462 S.E.2d 578, 580-81 (1995)). To apply the *Blockburger* test to the facts at bar, the Virginia and Norfolk statutes must first be distilled into their respective elements.

## II. *Norfolk City Code Misdemeanor Charges*

The two misdemeanors were violations of the Norfolk City Code, the first of which was charged under § 17.1-43:

> The Virginia Statewide Fire Prevention Code (BOCA National Fire Prevention Code, as periodically amended) and the National Fire Protection Association Life Safety Code (NFPA 1994) as hereinafter amended, amplified, supplemented and modified in this article, is hereby adopted as the fire prevention and life safety code for the city and will be referred to and may be cited as the "fire prevention code."

Norfolk City Code, § 17.1-43 (F-100) (2008). The Virginia Statewide Fire Prevention Code (VSFPC), in turn, prohibits the following: "Dangerous conditions which are liable to cause or contribute to the spread of fire in or on said premises, building, or structure, or to endanger the occupants thereof." Va. Statewide Fire Prevention Code, § 110.1 (2003). The current edition of the VSFPC became effective May 1, 2008, but the 2003 edition was in force at the time the conduct in question occurred. The VSFPC edition utilized is immaterial, as § 110.1 remains unchanged.

The second misdemeanor to which Saunders pleaded guilty was a violation of another VSFPC-related section of the Norfolk City Code, which states that "[t]he manufacture of fireworks is prohibited within the jurisdiction. The possession or use of fireworks is prohibited within the city, except for fireworks approved by permit according to the rules and regulations of the fire official." Norfolk City Code, § 17.1-44(25) (2008). Saunders pleaded guilty to both Norfolk misdemeanors on September 2, 2008.

### III. *Code of Virginia Felony Charges*

The Commonwealth continued its prosecution of the remaining three felonies, the first two of which are based on the same section, prohibiting the manufacture of explosive materials:

> Any person who (i) possesses materials with which fire bombs or explosive materials or devices can be made with the intent to manufacture fire bombs or explosive materials or devices or, (ii) manufactures, transports, distributes, possesses, or uses a fire bomb or explosive materials or devices shall be guilty of a Class 5 felony.

Va. Code Ann. § 18.2-85(i), (ii) (2008). Subsection (i) may be distinguished from the city code for double jeopardy purposes because § 18.2-85(i) requires an element of intent, which is lacking in the Norfolk Code.

At first glance, Virginia Code § 18.2-85(ii) appears to mirror Norfolk City Code § 17.1-44(25); however, Va. Code § 18.2-85 also defines "Device" to mean "any instrument, apparatus, or contrivance, including its component parts, that is capable of producing or intended to produce an explosion *but shall not include fireworks* as defined in § 27-95." *Id.* Va. Code § 27-95 supplies the following definition of fireworks:

> "Fireworks" means any firecracker, torpedo, skyrocket, or other substance or object, of whatever form or construction, that contains any explosive or inflammable compound or substance, and is intended, or commonly known as fireworks, and which explodes, rises into the air or travels laterally, or fires projectiles into the air.

Va. Code Ann. § 27-95 (2008). The Norfolk fireworks misdemeanor statute and the Virginia fire bombs/explosive felony statute address two different types of contraband, and therefore the Commonwealth may prosecute under both.

The third felony charge rests upon the defendant's felony possession of hazardous waste in violation of the Virginia Waste Management Act:

> Any person who knowingly transports, treats, stores, disposes of, or exports any hazardous waste . . . and who knows at the time that he thereby places another person in imminent danger of death or serious bodily injury, shall, upon conviction, be guilty of a felony punishable by a term of imprisonment of not less than two years nor more than 15 years and a fine of not more than $250,000, either or both.

Va. Code Ann. § 10.1-1455(I) (2008). § 10.1-1455 also contains a lesser-included offense subsection relating to § 10.1-1455(I):

> [A]ny person who knowingly . . . transports, treats, stores, or disposes of hazardous waste without a permit or in violation of a permit . . . shall be guilty of a felony punishable by a term of imprisonment of not less than one year nor more than five years and a fine of not more than $32,500 for each violation, either or both. The provisions of this subsection shall be deemed to constitute a lesser included offense of the violation set forth under subsection I.

Va. Code Ann. § 10.1-1455(B) (2008). To understand what conduct these sections prohibit, one must first determine what materials constitute "hazardous waste." The definitions section of the Virginia Waste Management Act provides:

> "Hazardous waste" means a solid waste or combination of solid waste which, because of its quantity, concentration, or physical chemical or infectious characteristics, may: 1. Cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating illness; or 2. Pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed.

Va. Code Ann. § 10.1-1400 (2008). According to this definition, hazardous waste must be solid waste, thereby creating an additional inquiry: what materials fall under the definition of "solid waste?" That term is also defined by § 10.1-1400:

> "Solid waste" means any garbage, refuse, sludge, and other discarded material, including solid, liquid, semisolid, or contained gaseous material, resulting from industrial, commercial, mining and agricultural operations, or community activities. . . .

Va. Code Ann. § 10.1-1400 (2008). Applying the hazardous and solid waste definitions from § 10.1-1400 to § 10.1-1455(I), in order for Saunders to possess "hazardous waste," a category of "solid waste," he had to possess materials that comprise "garbage, refuse, sludge and other discarded material."

The defense argues that the Virginia hazardous waste statute is duplicative of the Norfolk statute prohibiting "dangerous conditions which are liable to cause or contribute to the spread of fire in or on said premises, building, or structure, or to endanger the occupants thereof." Norfolk City Code, § 17.1-43(F-100) (2008) (incorporating Va. Statewide Fire Prevention Code, § 110.1 (2003)). Clearly, Va. Code § 10.1-1455(B) addresses "solid waste" and prohibits its possession or transportation, while Norfolk City Code § 17.1-43 prohibits "dangerous conditions." This significant difference in elements of proof defeats the defendant's assertion that he is being subjected to double jeopardy.

### Conclusion

According to the *Blockburger* test, when the same criminal conduct violates more than one statute, the offenses are different if one requires proof of an element that the other does not. Each of the four statutes under which

defendant stands charged requires different elements of proof. Thus, the defendant is not subject to double jeopardy by the prosecution *sub judice*. The Court therefore denies the defendant's motion to dismiss.